# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  EDCV 17-2503 GW (SS) | Date: December 29, 2017 |
| | Page 1 of 6 |

Title:    Alvin Scott Flowers v. Dean Borders

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On December 7, 2017,[1] Alvin Scott Flowers ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1). Petitioner challenges his 2003 conviction in California court. (Id. at 3). The Petition appears to be untimely.

//
//

---

[1]    Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed when the prisoner delivers it to prison authorities for mailing. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court uses the date that Petitioner signed the Petition as the constructive filing date. (Petition at 24). Throughout this Order, the Court cites Petitioner's filings as though each filing is consecutively paginated.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 17-2503 GW (SS)                    Date: December 29, 2017
                                                    Page 2 of 6

Title:      Alvin Scott Flowers v. Dean Borders

**Timeliness of the Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id. Here, the California Court of Appeal affirmed Petitioner's conviction on July 23, 2004, and he did

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 17-2503 GW (SS) | Date:  December 29, 2017 |
| | Page 3 of 6 |

Title:     Alvin Scott Flowers v. Dean Borders

not petition the California Supreme Court for review. (Petition at 3-4; California Appellate Courts Case Information Website, Case No. C044333, available at http://appellatecases.courtinfo.ca.gov).[2] Petitioner's conviction thus became final forty days later, on September 1, 2004. See Cal. Ct. R. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court."); Cal. Ct. R. 8.366(b)(1) ("[A] Court of Appeal decision in a proceeding under [the Criminal Appeals Chapter] . . . is final in that court 30 days after filing."); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) ("Under California law, [the petitioner's] conviction became final . . . forty (40) days after the California Court of Appeal filed its opinion."), abrogation on other grounds recognized by Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). Under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on September 2, 2004 and expired one year later, on September 2, 2005. The instant Petition was not constructively filed until December 7, 2017. Absent tolling, it is untimely by more than twelve years.

**Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). The time prior to the filing of a state habeas corpus petition is not subject to statutory tolling. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). Additionally, state habeas petitions filed after the AEDPA limitations period expires do not reinitiate the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner alleges that he filed state habeas petitions in 2017. (Petition at 4-6). Specifically, he states that he filed a habeas petition in the California Superior Court on

---

[2]    The Court takes judicial notice of Petitioner's proceedings in other courts. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (court may take judicial notice of its own records in other cases and the records of other courts).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    EDCV 17-2503 GW (SS)                    Date: December 29, 2017
                                                     Page 4 of 6

Title:      Alvin Scott Flowers v. Dean Borders

January 17, 2017, which the court denied on February 14, 2017. (Id. at 4-5). Next, he filed a petition in the Third District of the California Court of Appeal that the court denied on April 20, 2017. (Id. at 5; see also California Appellate Courts Case Information website, Case No. C084448). The California Supreme Court then denied a subsequent habeas petition on August 30, 2017. (Id. at 5-6; see also California Appellate Courts Case Information website, Case No. S241978). Because more than eleven years passed between the expiration of the AEDPA limitations period and the filing of Petitioner's first 2017 state habeas petition, these 2017 petitions do not render the Petition timely.

Although unmentioned in his Petition, a review of the California appellate court records reveals that Petitioner had other state habeas petitions pending in 2006, 2007 and 2013. (See California Appellate Courts Case Information website, Case Nos. C052754, C054616, S152382, C073260). The nature of these other petitions is unclear. However, even if the Court were to take these petitions into account for statutory tolling purposes, it appears that the Petition here would still be untimely due to the multiple intervening years when no state habeas petitions were pending.

**Equitable Tolling**

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted, second brackets in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.     EDCV 17-2503 GW (SS) | Date: December 29, 2017 |
| | Page 5 of 6 |

Title:     Alvin Scott Flowers v. Dean Borders

Here, Petitioner states that he suffers from mental illness.[3] (Petition at 4). In some cases, mental illness or impairment may be a basis for equitable tolling. However, the impairment must be "so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Bills, 628 F.3d at 1093; Forbess v. Franke, 749 F.3d 837, 840 (9th Cir. 2014); see also Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010) ("[M]ental incompetence [is] an extraordinary circumstance beyond the prisoner's control" that may, in certain circumstances, justify equitably tolling AEDPA's statute of limitations). To warrant equitable tolling due to a mental impairment, a petitioner must meet a two-part test:

> (1) First, [he] must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either [¶] (a) petitioner was unable rationally or factually to personally understand the need to timely file, or [¶] (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. [¶] (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099-1100 (citations and footnote omitted).

Here, the Petition fails to provide any evidence or allegations to show that Petitioner was unable to understand the need to timely file or that his alleged impairment made it impossible for him to meet the filing deadline. Therefore, it does not appear that equitable tolling is available here on the basis of mental illness. Moreover, the Petition does not offer any other potential basis for equitable tolling.

---

[3]     Petitioner discloses this as his reason for not filing a petition in the California Supreme Court on direct appeal of his 2003 conviction. (See Petition at 4). Nonetheless, the Court considers whether it may provide a basis for equitable tolling here.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 17-2503 GW (SS)                    Date: December 29, 2017
                                                                                 Page 6 of 6

Title:         Alvin Scott Flowers v. Dean Borders

**Conclusion**

For the foregoing reasons, Petitioner is ORDERED to respond to this order to show cause **within fourteen (14) days** to show cause why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is particularly advised to inform the Court of any reasons why he may be entitled to statutory or equitable tolling. If Petitioner contends his mental illness is grounds for equitable tolling, he must support this claim with declaration[s] and/or documents showing how his mental illness impacted him during the statute of limitations period. After the Court receives a response to this Order, the Court may prepare a Report and Recommendation for submission to the District Judge, or may seek a response from the Respondent. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to this Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).** The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.